# In the United States Court of Federal Claims

No. 21-1166

Filed: January 21, 2022

| | |
|---|---|
| ARTHUR LOPEZ, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant.* | ) |

## **ORDER AND OPINION**

Although somewhat difficult to follow, Plaintiff appears to allege that the Clerk's Office of the Supreme Court of the United States unlawfully required him to pay a filing fee but refused to docket his case because it was untimely. ECF No. 1 at 2-5.[1] For relief, Plaintiff seeks $550,000,000 after taxes and costs. *Id*. at 5-6. The Government has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. ECF No. 7. Because the Court either lacks jurisdiction or Plaintiff has failed to state a claim upon which relief can be granted, the Court grants the Government's motion to dismiss.

While not entirely clear, it appears that Plaintiff initially brought a lawsuit in the United States District Court for the Central District of California against a California Superior Court. ECF No. 1 at 2. The Complaint does not specify the nature of this lawsuit. There was then an appeal to the United States Court of Appeals for the Ninth Circuit, which dismissed Plaintiff's appeal and refused to vacate the dismissal. *Id*. at 2-3. Plaintiff then sought to file a petition for a writ of certiorari with the Supreme Court of the United States and paid the requisite filing fee. *Id*. at 3-4. The Supreme Court, however, declined to docket Plaintiff's case because it was not timely filed. *Id*. at 4. Plaintiff sues alleging multiple theories of damage against the United States.

Under the Tucker Act, this Court has subject-matter jurisdiction over non-tort claims brought against the United States that are founded upon "(1) contracts with the United States; (2) illegal exactions of money by the United States; and (3) money-mandating [sources of law]." *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011) (citing *United States v. Mitchell*, 463 U.S. 206, 212-18 (1983)); 28 U.S.C. § 1491. But the Tucker Act itself is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). To establish jurisdiction, Plaintiff "must

---

[1] Because the Complaint is not consecutively paginated, the Court cites to the page numbers in the ECF header.

identify a separate source of substantive law that creates the right to money damages." *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). Although "complaints filed by pro se plaintiffs are held to 'less stringent standards than formal pleadings drafted by lawyers,'" pro se plaintiffs must still meet jurisdictional requirements. *Garrett v. United States*, 78 Fed. Cl. 668, 670 (2007) (quoting *Howard v. United States*, 74 Fed. Cl. 676, 678 (2006)) (citations omitted). And even though "[i]n determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff," *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

In determining this Court's jurisdiction, "all that is required is a determination that the claim is founded upon a money-mandating source and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). If this test is met, a plaintiff's claim cannot be dismissed under RCFC 12(b)(1), but such claim may still be dismissed for failure to state a claim under RCFC 12(b)(6) if it fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Jan's Helicopter Serv., Inc.*, 525 F.3d at 1308 (citing *Doe v. United States,* 463 F.3d 1314, 1325 (Fed. Cir. 2006) for its holding that "the Court of Federal Claims erred in dismissing for lack of jurisdiction when plaintiffs had identified a money-mandating statute but had not established that they were entitled to relief under that statute.").

This Court clearly lacks jurisdiction to hear most of Plaintiff's claims. First, Plaintiff appears to seek this Court's review of several decisions from the United States District Court for the Central District of California, the United States Court of Appeals for the Ninth Circuit, and the Supreme Court of the United States. Plaintiff argues that these courts improperly dismissed his cases before them and refused to vacate their dismissals. *See* ECF No. 1 at 2-3. But this Court has no authority to review the decisions of other federal courts. *Yates v. United States*, 150 Fed. Cl. 128, 137 (2020) (citations omitted). Therefore, to the extent Plaintiff asks this Court to review the dismissals of his cases in other courts, this Court cannot do so.

Second, Plaintiff claims that the Supreme Court refused to docket his petition for a writ of certiorari in violation of Article III of the Constitution of the United States. ECF No. 11 at 6-8. However, Article III "does not mandate the payment of money damages in the event of its violation." *Kurt v. United States*, 103 Fed. Cl. 384, 387 (2012) (citing *Mendez-Cardenas v. United States*, 88 Fed. Cl. 162, 167 (2009)). Accordingly, a claim under Article III does not provide this Court with jurisdiction. *Id.* In any event, as an inferior court this Court lacks any authority to review the actions of the Supreme Court.

Third, Plaintiff alleges violations of various constitutional provisions. But these provisions do not provide this Court with a money-mandating source of law. Contrary to Plaintiff's assertions, the Due Process Clauses of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment do not provide a basis for jurisdiction in

2

this Court because they do not mandate payment of money by the Government. *See LeBlanc v. United* States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citations omitted).

Fourth, Plaintiff alleges violations of the Americans with Disabilities Act of 1990. ECF No. 11 at 10-11, 16. However, this Act "is not a money-mandating source of law" and does not provide this Court with jurisdiction. *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) (citing *Searles v. United States*, 88 Fed. Cl. 801, 805 (2009)).

Fifth, Plaintiff appears to allege claims under the California Fair Employment and Housing Act and the California Tort Claims Act. ECF No. 11 at 10-11. But state laws do not provide a basis for this Court's jurisdiction. As this Court has previously held, claims based on state laws or constitutions are not within this Court's jurisdiction because this Court only has jurisdiction to hear claims against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Ealy v. United States*, 120 Fed. Cl. 801, 805-06 (2015). Furthermore, the California Tort Claims Act—as well as the Federal Tort Claims Act, which Plaintiff also cites—cannot provide this Court with jurisdiction because claims sounding in tort are expressly excluded from the Tucker Act. *Id.* at 805; *see also* 28 U.S.C. § 1491(a)(1) (providing this Court with jurisdiction over certain cases "not sounding in tort").

Finally, Plaintiff claims that "the U.S. Court of Appeals staff collud[ed] with the U.S. Postal Service in delaying the posting of Plaintiff's Request for an extension" and the Government breached its agreement to provide two-day mail delivery service. ECF No. 11 at 9-10, 16. But these claims sound in tort rather than contract and thus fall outside this Court's jurisdiction. *See Lucas v. United States*, 228 Ct. Cl. 860, 862 (1981) ("[P]laintiff's claims based upon the delay in transmitting the letter sound in tort . . . [t]hus, those portions of plaintiff's claims arising out of the negligent or tortious handling of the mail by the USPS must be dismissed.").

There are, however, several allegations that are within the Court's jurisdiction, but the Plaintiff has failed to state a claim for which relief may be granted. First, Plaintiff claims that his payment of filing fees created a contract with the United States that Plaintiff alleges the Supreme Court breached when it failed to docket his filings despite requiring a filing fee. *See* ECF No. 1 at 2-5. Plaintiff alleges the United States breached this contract when the Supreme Court declined to docket his allegedly timely filed petition for a writ of certiorari. But Plaintiff cannot claim breach of contract by the Government based on his payment of a filing fee because "the mere payment of a filing fee and other litigation-related expenses does not create a contract between a plaintiff and the United States." *Coleman v. United States*, 635 F. App'x 875, 878 (Fed. Cir. 2015) (quoting *Coleman v. United States*, No. 14–413C, 2014 WL 7013561, at *4 (Fed. Cl. Dec. 12, 2014)); *see also Garrett*, 78 Fed. Cl. at 671 ("Plaintiff offers no authority for the proposition that the filing of a complaint by a plaintiff, and the acceptance of that filing by a clerk of court, could constitute the making of a contract with the United States."). Therefore, this allegation fails to state a claim.

Second, Plaintiff alleges that his payment of a filing fee constituted a taking under the Fifth Amendment. ECF No. 11 at 8, 12, 16. But "a reasonable user fee is not a taking if it is

imposed for the reimbursement of the cost of government services." *Dudley v. United States*, 61 Fed. Cl. 685, 689 (2004) (quoting *United States v. Sperry*, 493 U.S. 52, 63 (1989)) (alterations omitted) (citations omitted). And "[c]ourt filing fees are legitimate 'user fees.'" *Id.* Therefore, this allegation fails to state a claim.

Third, Plaintiff vaguely asserts that the filing fee constituted an illegal exaction that "serves as an additional basis for jurisdiction under the Tucker Act." ECF No. 11 at 14. But this vague assertion is not sufficient to survive the Government's motion to dismiss. S*ee Harris v. United States*, No. 13-824 C, 2014 WL 10936253, at *1 n.4 (Fed. Cl. Apr. 16, 2014) (holding that "ambiguous statements regarding the presence of an illegal exaction claim in the complaint" are not sufficient).

Finally, it is unclear what money-mandating source of law Plaintiff intends as the basis for his breach of trust claims. ECF No. 11 at 8-9, 16; ECF No. 13 at 3. Plaintiff first appears to suggest that the alleged "breach of trust" violated Article III, which, as explained above, does not provide this Court with jurisdiction. ECF No. 11 at 8. Plaintiff also cites *United States v. Mitchell*, 463 U.S. 206 (1983) for the proposition that this Court has jurisdiction over breaches of trust claims. But *Mitchell* involved a breach by the Government of its fiduciary duties in an actual trustee relationship with individuals owning interests in land on an Indian Reservation. *Id.* Plaintiff has not alleged a similar relationship here.

For the reasons set forth above:

1. The Government's Motion to Dismiss, ECF No. 7, is **GRANTED**.

2. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is **GRANTED**.

3. The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Edward H. Meyers  
Edward H. Meyers  
Judge